**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRBL LIMITED, | No. 16-56127 |
| Plaintiff, | D.C. No. 2:16-cv-02431-PA-GJS |
| v. | |
| OVERSEAS FOOD DISTRIBUTION LLC, | MEMORANDUM* |
| Defendant, | |
| and | |
| GINO DANTE SERPE, | |
| Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 9, 2018**
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and BATAILLON,***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

District Judge.

Attorney Gino Serpe appeals a $500 sanctions order imposed by the district court for his violation of Central District of California Local Rule 83-2.1.3.4. We affirm.

1. The district court did not abuse its discretion by concluding that Serpe violated Local Rule 83-2.1.3.4. The Rule's plain language requires that an attorney "maintain[] an office within the District" to serve as Local Counsel. C.D. Cal. L.R. 83-2.1.3.4. Serpe rented a location within the District only after the denial of the first set of pro hac vice applications, and admits that he had no meaningful connection to the office, which he ceased to rent after denial of the second set of pro hac vice applications. In light of the "[b]road deference . . . given to a district court's interpretation of its local rules," we find no abuse of discretion in the district court's application of the Rule to the facts of this case. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007); *accord O'Dea v. Conagra Foods, Inc.*, No. 13-cv-3158-L, 2014 WL 11397890 (S.D. Cal. Jan. 30, 2014); *Moreno v. Autozone*, No. C05-04434 MJJ, 2007 WL 4287517 (N.D. Cal. Dec. 6, 2007).

2. The district court also did not abuse its discretion by sanctioning Serpe. *See Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1106 (9th Cir. 1999). Sufficient record evidence, including the district court's credibility determination, supports the factual finding that Serpe attempted to evade the

2

Rule's requirements in bad faith. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000) ("We will reverse a district court's factual findings as to whether an attorney acted . . . in bad faith only if they are clearly erroneous.").

**AFFIRMED.**